**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES GEORGE, STEPHEN FORREST on behalf of themselves and a class of employees and/or former employees similarly situated,<br><br>    Plaintiffs,<br> vs.<br><br>DIRECTSAT USA, LLC; UNITEK USA, LLC; and UNITEK GLOBAL SERVICES, INC.,<br><br>    Defendants. | Case No.: 2:10-CV-01664-GMN-RJJ<br><br>**ORDER** |

  This lawsuit alleges labor and wage violations and is filed by James George and Stephen Forrest ("Plaintiffs") on behalf of current and former employees of DirectSat USA, LLC, UniTek USA, LLC, and UniTek Global Services, Inc. ("Defendants"). Before the Court is Defendants' Motion to Dismiss. (Defs.' Mot. to Dismiss, ECF No. 45.) For the reasons given below, the Court will grant the motion in part, deny the motion in part, without prejudice, and will grant Plaintiffs leave to amend their Complaint.

**I. BACKGROUND**

  Plaintiffs' Complaint alleges violations of Nevada and Arizona labor and wage laws – Counts I and II allege violations of Nevada's wage payment and overtime compensation laws, and Count III alleges violation of Arizona's wage payment laws. (Compl. 2:¶2, ECF No. 1.) Plaintiffs plead jurisdiction under 28 U.S.C. § 1332(d)(2)(A) of the Class Action Fairness Act ("CAFA"), but not under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*. (*Id.*) In the Complaint, Plaintiffs request that, "pursuant to Rule 23 of the Federal Rules of Civil Procedure," the Court "[c]ertify the state law claims set forth in Counts I and II as a class action (Nevada class)" and "[c]ertify the state law claims set forth in Count III as a class action

1  (Arizona subclass)." (Compl., 11:9-13, ECF No. 1.)

2  The CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Rule 23 of the Federal Rules of Civil Procedure governs class action suits and provides an opt-out mechanism wherein a court will exclude from a class certified under Rule 23(b)(3) any member who requests exclusion. Fed. R. Civ. P. 23(c)(2)(B). In contrast, the FLSA provides for an opt-in mechanism in which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Plaintiffs have not filed a motion for class certification, nor have they indicated which type of class action they seek to maintain under Rule 23(b). However, language in their Complaint under the heading "Class Allegations" suggests class action certification under all three types. (*See* Compl., 3-6, 6:¶¶17-23.)

Defendants challenge Counts I and II of Plaintiffs' Complaint by arguing that "the substantive claims and the class action mechanism used to pursue such claims are precluded and/or preempted by the FLSA" and that "[Plaintiffs'] litigation tactic is an unabashed attempt to circumvent the opt-in mechanism that Congress installed in §216(b) [of the FLSA]." (Defs.' Mot. to Dismiss 2:4-6, 3:8-14.) To support the argument that "this tactic is precluded by the exclusive remedial scheme of the FLSA," Defendants cite this Court's August 17, 2010 Order in *Daprizio v. Harrah's Las Vegas, Inc.* ("*Daprizio I*"), No. 2:10-cv-00604-GMN-RJJ, 2010 WL 3259920 (D.Nev. Aug. 17, 2010), *vacated by* 2010 WL 5099666 *3 (D.Nev. Dec. 7, 2010). (*Id.* at 3:10-14.)

Defendants also argue for dismissal of Count III of Plaintiffs' Complaint because Plaintiffs' "overtime claims are duplicative of, and are intertwined with, the protections offered

by the FLSA." (*Id*. at 3:21-23.) Defendants argue that "[b]ecause Plaintiffs' claims for overtime parallel the protections of the FLSA, those overtime claims are preempted, as Plaintiffs seek to obtain remedies that are broader than those remedies offered under the FLSA for the same overtime claims." (*Id*. at 3:23-25–4:1-2.)

Finally, Defendants argue for dismissal of Plaintiffs' allegations in Counts I and II that Defendants' violations of Nevada and Arizona law are "willful." (*Id*. at 4:3-4.) Defendants argue that Plaintiffs "offer no factual or legal predicate for such a finding" and that these allegations are therefore "insufficient to state a claim" pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. (*Id*. at 4:5-10.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

#### A. FLSA Preemption

Defendants' motion to dismiss cites extensively to this Court's August 2010 order in *Daprizio v. Harrah's Las Vegas, Inc.* ("*Daprizio I*"), No. 2:10-cv-00604-GMN-RJJ, 2010 WL 3259920 (D.Nev. Aug. 17, 2010), *vacated*, 2010 WL 5099666 (D.Nev. Dec. 7, 2010). (*See* Defs.' Mot. to Dismiss, ECF No. 45.) However, this Court issued a subsequent order on December 7, 2010 that vacated the ruling on which Defendants rely. *Daprizio v. Harrah's Las Vegas, Inc.* ("*Daprizio II*"), 2010 WL 5099666 (D.Nev. Dec. 7, 2010). Further complicating the issue, this Court's opinion in *Daprizio II* relied in part on the Ninth Circuit Court of Appeals' now-vacated opinion in *Wang v. Chinese Daily News*, 623 F.3d 743 (9th Cir. 2010), *vacated*, - - - U.S. - - -, 132 S.Ct. 74, 181 L.Ed.2d 1 (Oct. 3, 2011) (mem.). On October 3, 2011, the United States Supreme Court vacated the Ninth Circuit's judgment in *Wang* and remanded the case for further consideration in light of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. - - -, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), which was issued on June 20, 2011.

Aside from reliance on *Daprizio I*, Defendants also argue that Plaintiffs' class allegations must be dismissed "pursuant to the doctrine of obstacle preemption (also known as implied conflict preemption)." (Defs.' Mot. to Dismiss, 7:23-24.) However, Defendants do not cite to any case invoking these doctrines by these names. Defendants do quote from an order of

the United States District Court for the Western District of Pennsylvania in *Ellis v. Edward D. Jones & Co., L.P.*, 527 F.Supp.2d 439 (W.D. Pa. 2007), and argue that numerous courts have recognized the same point, citing orders from two other unpublished cases – one from the United States District Court for the District of Arizona, *Rose v. Wildflower Bread Co.*, No. 2:09-cv-01348-PHX-JAT, 2010 WL 1781011 (D. Ariz. May 4, 2010), and one from the Eastern District of Pennsylvania, *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60 (E.D. Pa. Sept. 11, 2009). (*Id*. at 9:11-19.)  In *Ellis*, the court stated that "allowing both the state law and FLSA claims to proceed in the same action 'would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.'" 527 F.Supp.2d at 452 (quoting *Otto v. Pocono Health Sys.*, 457 F.Supp.2d 522, 524 (M.D. Pa. 2006)).  As with *Daprizio I*, the unpublished Arizona order cited by Defendants was later vacated by the same court on reconsideration, based on the Ninth Circuit's holding in *Wang v. Chinese Daily News*. *See Rose v. Wildflower Bread Co.*, No. 2:09-cv-01348-PHX-JAT, 2010 WL 1781011 (D. Ariz. May 4, 2010), *vacated*, 2011 WL 196842 (D. Ariz. Jan. 20, 2011).

To support their arguments that Count III of Plaintiffs' Complaint should be dismissed on the basis of FLSA preemption, Defendants likewise cite extensively to precedent from other jurisdictions, and to two cases from the District of Arizona – one unpublished, *Wood v. TriVita, Inc.*, No. 2:08-cv-00765-PHX-SRB, 2008 WL 6566637 (D. Ariz. Sept. 18, 2008) and one published, *Colson v. Avnet, Inc.*, No. 2:09-cv-00603-PHX-MHM, 687 F.Supp.2d 914 (D. Ariz. Jan. 27, 2010). (Defs.' Mot. to Dismiss, 13:20-22.)  Both *Wood* and *Colson* were settled before the Ninth Circuit's opinion in *Wang* was issued. *Wood v. TriVita*, No. 2:08-cv-00765-PHX-SRB, 2008 WL 2068610 (D. Ariz. April 8, 2010); *Colson v. Avnet, Inc.*, No. 2:09-cv-00603-PHX-MHM, (D. Ariz. March 17, 2010).  Therefore, the Court is reluctant to be persuaded by the reasoning on which Defendants rely in these two orders.

Precedent from other jurisdictions is not binding on this Court; therefore the Court is not

persuaded by Defendants' reliance on cases from other circuits.  Perhaps most importantly, in light of the shifting precedent in the Ninth Circuit, the reasoning upon which Defendants rely is no longer good law in this circuit.  Accordingly, the Court finds no basis on which to grant Defendants' Motion to Dismiss.

Defendants' Motion to Dismiss was filed November 29, 2010, but both Plaintiffs' Response and Defendants' Reply to the Motion to Dismiss were filed after this Court's ruling in *Daprizio II*. (ECF Nos. 48, 52.)  However, neither brief addresses the Court's order in *Daprizio II*.  Also, as Defendants noted in the Motion for Leave to File Supplemental Authority (ECF No. 54), one particular case upon which Defendants relied in their motion has been developed further in ways that relate to the instant motion, in that the class was decertified by the Wisconsin court. *See Espenscheid v. DirectSat USA, LLC*, No. 3:09-cv-00625-BBC, 2011 WL 2132975, 2011 U.S. Dist. LEXIS 57607 (W.D. Wis. May 27, 2011).  Plaintiffs have also implied a need for further briefing with their Notice of Supplemental Authority (ECF No. 53), in which they attach a copy of *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971 (7th Cir. 2011).

For this reason, and because, as noted above, there have been significant developments in applicable case law since the motion was briefed, the Court concludes that Defendants must be permitted to re-file the motion in light of these cases if they wish to do so.  Accordingly, the Court will deny Defendants' Motion to Dismiss as to the preemption challenges, without prejudice.

### B.   Allegations of Willfulness

Plaintiff's claims attach allegations of "willfulness" to each count. (Pls.' Compl. 10:¶47, 50, 53.)  Defendants argue that Plaintiffs fail to plead any facts to demonstrate the plausibility of the allegations of "willful" violation of state laws.  However, Plaintiffs do allege in their Complaint that "[s]upervisors were aware [that "Class Members did not record all of their productive time"] and often encouraged class members not to record all of their productive

time, all in violation of the wage and hour laws of Nevada and Arizona." (Compl., 9:25-26.) The Court finds that this, in the context of Plaintiffs' other factual allegations, is sufficient to support the plausibility of Plaintiffs' allegations of willfulness.  Accordingly, the Court will deny Defendants' Motion to Dismiss as to Plaintiffs' allegations of willfulness.

## IV.	CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss is **DENIED without prejudice** as to Defendants' preemption challenges.

**IT IS FURTHER ORDERED** that if Defendants wish to re-file the Motion to Dismiss, they may do so **not later than April 12, 2012**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **DENIED** as to Defendants' challenge to Plaintiffs' "willfulness" allegations.

**DATED** this 12th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge