**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES GEORGE, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:10-cv-01664-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| DIRECTSAT USA, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This lawsuit alleges labor and wage violations and is filed by James George and Stephen Forrest ("Plaintiffs") on behalf of current and former employees of DirectSat USA, LLC, UniTek USA, LLC, and UniTek Global Services, Inc. ("Defendants"). Before the Court is the Motion to Dismiss (ECF No. 62) and the Motion to Submit Supplemental Authority or, Alternatively, to Allow Supplemental Briefing (ECF No. 72) filed by Defendants DirectSat USA, LLC ("DirectSat"), UniTek USA, LLC ("UniTek"), and UniTek Global Services, Inc. ("UGS") (collectively, "Defendants").

On March 12, 2012, the Court denied Defendants' previous motion to dismiss. (Order, March 12, 2012, ECF No. 56.) However, the Court granted Defendants leave to re-file the motion to dismiss in order to fully brief their arguments regarding FLSA preemption, discussing the recent and evolving precedent from the United States Supreme Court and the Ninth Circuit Court of Appeals. (*Id.*) Specifically, the Court referred to the Ninth Circuit Court of Appeals' now-vacated opinion in *Wang v. Chinese Daily News*, 623 F.3d 743 (9th Cir. 2010), *vacated*, - - - U.S. - - -, 132 S.Ct. 74, 181 L.Ed.2d 1 (Oct. 3, 2011) (mem.) and to *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. - - -, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). The Court also referred to the Seventh Circuit case law in *Espenscheid v. DirectSat USA, LLC*, No.

3:09-cv-00625-BBC, 2011 WL 2132975, 2011 U.S. Dist. LEXIS 57607 (W.D. Wis. May 27, 2011) and *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971 (7th Cir. 2011), which the parties had cited. The Court gave Defendants until April 12, 2012, to re-file the motion (Order, March 12, 2012, ECF No. 56), and Defendants did so on April 12, 2012 (ECF No. 62). The motion was fully briefed as of May, 2012. (*See* Reply, ECF No. 64.)

Now, Defendants request permission to submit supplemental authority, or in the alternative, supplemental briefing. To support their request, Defendants attach the February 4, 2013, opinion of the Seventh Circuit in *Espenscheid v. DirectSat USA, LLC*, No. 12-1943, 705 F.3d 770 (7th Cir. Feb. 4, 2013), as well as the March 4, 2013, opinion of the Ninth Circuit in *Wang v. Chinese Daily News*, No. 08-56740 (9th Cir. Mar. 4, 2013). In both opinions, the circuit courts held that class certification was not appropriate in the cases below. "Because Defendants relied upon the above referenced cases in their renewed motion and in the interest of candor to the Court, Defendants seek to supplement the record with notice of the attached opinions, or alternatively, seek leave to file supplemental briefing in support of their Renewed Motion to Dismiss." (Mot. to Submit Supp. Auth., ECF No. 72.)

The Court agrees that supplemental briefing is appropriate, and will therefore grant the motion. The currently pending motion to dismiss will be denied without prejudice, so that the parties may brief the issues in light of recent binding and persuasive authority discussed above.

**IT IS HEREBY ORDERED** that the Motion to Submit Supplemental Authority or, Alternatively, to Allow Supplemental Briefing (ECF No. 72) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 62) is **DENIED without prejudice**. **Defendants shall file an updated motion to dismiss, including briefing on supplemental authority, by April 5, 2013, unless the parties stipulate otherwise.**

**DATED** this 14th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge